Salome McAllen et al. v. G. M. Raphael et al.

No. 881.

**Deed by Tenant in Common Conveying Specific Part of the Land.**

The deed of a tenant in common, which by express terms purports to convey all of the grantor's interest in a certain tract of land, but which describes such interest as consisting of a specific and defined part of the tract, will operate, as against the grantor and subsequent purchasers from him, to convey the grantor's undivided interest in the entire tract.

Appeal from Cameron. Tried below before Hon. John C. Russell.

*A. J. Evans,* for appellants.

*James B. Wells* and *McCampbells & Welch,* for appellees.

WILLIAMS, Associate Justice.—This is an appeal from a judgment of the District Court sustaining exceptions to plaintiffs' petition and dismissing their suit. The petition contained all of the allegations essential to an action of trespass to try title, and in addition thereto set forth specially the character of the title to the land asserted to be in plaintiffs, as well as the nature of the invasion of their right committed by defendants; and the question presented is, whether or not those allegations showed a title sufficient to authorize judgment in plaintiffs' favor against the defendants.

The subject of dispute is an interest in a large tract of land containing something more than thirty-five leagues originally granted to Vicente Hinojosa, which interest is claimed by both plaintiffs and defendants under one Mifflin Kennedy. The petition shows that, prior to 1859, Kennedy acquired from two of the heirs of Hinojosa an undivided interest, amounting to twelve leagues, in the tract of thirty-five leagues, the other interests remaining in other heirs of Hinojosa or their assigns, and that during that year he executed to John Young, plaintiff's testator, a deed conveying such interest thus described:

"All his, said Kennedy's, right, title and interest in and to a certain "tract or parcel of land situated and lying in the county of Cameron, "and state aforesaid, being part and parcel of a certain tract of land, "known and called by the name of Mestenas, granted by the proper "officer of the crown of Spain in America the 19th day of April, 1798, "to Vicente Hinojosa, bounded on the north by the land known as "Salvador del Tulle and San Juan de Carricitos, on the south by the "land known as La Feria and Llano Grande, on the east by the lands "of the Espiritu Santo, and on the west by lands in grant said to be

"vacant, containing thirty-four leagues of land for larger stock and one "league for small stock, eight caballerias, and two hundred and seventy-"two thousand square varas, and the part hereby intended to be con-"veyed is all that portion of the said land granted to Vicente Hinojosa, "which is on the eastern side or end of the said tract, adjoining the "lands of Espiritu Santo, to contain twelve leagues, with the heredita-"ments and appurtenances thereunto belonging or in anywise pertaining."

The petition avers that at the time this deed was executed, Kennedy did not have or claim title to any specific portion of the thirty-five leagues, but did have such title to an undivided interest of twelve leagues; and it asserts that the effect of the deed was to convey such interest to Young. It further alleges that Young took actual possession of the land sued for, after the execution of the deed, and remained in possession until his death, which occurred during the same year, and that plaintiffs, his devisees, thereafter held such actual possession, use and enjoyment of the land until disturbed by defendants.

The claim of defendants is shown to have arisen under a deed made by Mifflin Kennedy on the 3rd day of September, 1885, to his son, Thomas Kennedy, conveying, in terms, an undivided interest of twelve leagues in the thirty-five league tract, and a subsequent conveyance made by Thomas Kennedy, of the same interest, to defendants. Under this claim it is averred that defendants entered January 1, 1892, and dispossessed plaintiffs.

The exceptions to this petition consisted of a general demurrer and special exceptions, five in number; but the special exceptions were all based upon the proposition that the action was one for the reformation of the deed from Kennedy to Young, on ground of mistake, and on that assumption asserted, 1st, that the allegations were not sufficiently definite and certain; 2nd, that such cause of action was stale; 3rd, that such cause of action was barred by the statute of four and ten years' limitation. The other two special exceptions simply reiterated propositions involved in those stated.

Only one assignment of error is made by appellants, which is objected to by appellees as insufficient. It is as follows: "The court below erred in sustaining appellees' exceptions and demurrers to appellants' second amended-original-petition, and dismissing appellants' cause."

If it is true, as claimed by appellants, that the deed from Kennedy to Young had the effect to vest in the latter title to or such interest in the land sued for as entitled them, upon the facts alleged, to recover it, or a part of it, then there was no need for a reformation of such deed; and we do not understand the petition to have such a reformation for one of its objects. It may be conceded that no grounds were shown for reformation, and that, if there were any parts of the petition seeking such relief (which we think was not the case) the court should have sustained all of the special exceptions to those parts. If then a cause of action, based upon the deed as it stood, was shown, the court could not properly have dismissed the suit because the parts of the petition

seeking reformation were held insufficient. But in order to reach a decision dismissing the suit, the court must have held that no cause of action for recovery of the land was shown, and hence sustained the general demurrer. The ruling, then, to be reached by the assignment of error is that which held that no cause of action for the recovery of the land was shown, and led to a dismissal of the suit; and that is the ruling and the only ruling which is attacked by this assignment.

For that purpose, we think, it is sufficient. If the case were to be regarded as a suit for reformation of a deed, and the effort was to review in this court the ruling of the court sustaining the several exceptions to it in that aspect, it may be true that more specific assignments of error would be required.

We are of the opinion that the petition did show a title to the land sued for. Conceding, for the present, that Kennedy, as tenant in common with other joint owners of the Hinojosa grant, could not convey a specific tract out of the grant, and that his effort to do so would be void, it does not follow that the deed in question is void. It is sufficient in our judgment to convey the interest Kennedy actually owned in the grant, whether such interest were located in the part of the tract mentioned or not.

The deed first conveys all his right, title and interest in and to the tract of thirty-five leagues, describing it, and then states that such interest is located on the eastern side of the tract.

Now, if it turns out that the grantor does not own twelve leagues at that place, which he can convey, does not his conveyance of his right, title and interest in the whole tract convey the undivided interest of the twelve leagues which he does own and can convey? Clearly, we think, it does. The manifest intention of the parties was that the interest of twelve leagues owned by Kennedy should pass. It was also intended that such interest should be obtained in the locality mentioned. If the latter intention is defeated, there is no reason why the other should be disregarded. Thus by the terms of the deed itself the undivided interest of Kennedy passed. But if it were true, as assumed, that the purpose of the deed was only to convey a specific tract by metes and bounds, still the deed would not be void. It would be good between the parties, and entitle the grantee to be treated as a co-tenant until partition should be made. Rutherford v. Stamper, 64 Texas, 449.

Being such, and in possession, neither his grantor nor a subsequent purchaser from such grantor would have the right to oust him. He would have the right to a joint possession with the co-tenants of the specific tract conveyed, until partition had been made, and, if in partition, such tract were assigned as the share of his grantor his title would be perfect against all persons. But if such tract were assigned to another of the co-tenants, it would seem that the deed to the specific portion would have the effect to entitle the grantor thereof to such portion as should fall to the share of his grantor. Freeman on Co-tenancy and Partition, secs. 206, 207; Wells v. Heddenburg, 30 S. W. Rep., 705.

Thus, in any view that can be taken of it, under the allegations, a title was vested in plaintiffs through the deed from Kennedy to Young which entitled them, as against defendants, to the interest of Kennedy in the thirty-five leagues, and a cause of action was shown. For the error of the court in dismissing the suit, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 12, 1895.